Good morning, your honors. Robert Burke, B-E-R-K-E for the petitioner, Jose Gomez, and may it please the court. So, the very first thing I want to start off with here is, uncharacteristically, I agree with what the board is saying is a generic definition of murder, to wit, you know, the unlawful killing of a human being. Moving into the categorical approach, under California law, murder is defined as the unlawful killing of a human being or of a fetus. Done, right there, categorical. Now, the government is making arguments to say, oh no, no, this is a categorical match. But yet, we have to presume, number one, that Congress knew what it was doing. Number two, that the California legislature knew what it was doing. This court, this very court, well, not these particular justices, but this court, has recognized in the past that sometimes a state legislature intentionally and conscientiously adds something to a statute, not accidentally, not unknowingly, but conscientiously and explicitly adds something to a statute that takes it out of the normal panoply of what that crime would otherwise define. Can I ask you this? Let's just assume, arguendo, that this statute doesn't meet the categorical analysis under Taylor. Let's consider, is the statute divisible? Do you agree with that? 100% no. This is not a divisible statute. And what's your argument for that? We're going to get all the way off. We're going to go back to anti-gun argument exceptions to get into this. But the bottom line is, when we're looking at it categorically, and I know we're going divisible, but your honor, when we're looking at this thing categorically, we do have a case where California was explicit that it wanted its murder statute to apply to these things. When the jury instruction came out for this thing, you can tell by the brackets and the slashes that that instruction can be given as a human being or a fetus. That can go to the jury. That's explicit. That's not legal imagination because it's explicit in the way these things were written. I don't doubt that. I don't doubt that it can go either. But here's the problem. The question is, Judge Smith was asking, are these two different means of, or under the Mathis case that talks about categorical, the modified categorical approach, aren't these separate crimes? They're separate defenses. I mean, the state must prove in the case of the killing of the fetus that it wasn't an authorized medical procedure. They seem to have somewhat different elements. They have different defenses. And as you just said, the jury is instructed in a fetus case that it should find a fetus and must find the other facts. And in the second degree murder case in general, it's not. So why aren't these two different ways, two different crimes under the general category of second degree murder? That's the question. California says, for example, you go to jail for possessing an illegal drug. And then it says in a separate statute, here's a list of illegal drugs. Correct. And we've said that means that we apply the modified categorical approach. We look to see which drug was alleged and match it up to the generic statute here. What was alleged was the killing of a human being. And this California law seems to require that if you're going to charge the killing of a fetus, you need to say that. So why isn't this, as Judge Smith asked, a case in which we apply the modified categorical approach? Well, it doesn't seem to me that they have to say that the statute doesn't say they have to say that the jury instruction doesn't say they have to say that. Yes. Granted, there are other things they got to prove. There are other things that are going to lay out my jury instruction. That's why I said we're going to come back to this antique firearm distinction here. But with respect, counsel, I don't think I don't think you've answered either my or Judge Hurwicz's question, which we started with, which was, is this not a divisible statute? You've got two different potential crimes. You could you could claim that a fetus had been killed without ever mentioning a human being. Different jury instructions, different everything. Why does that not make this a divisible statute? Because you don't have to. The law doesn't require it. The statute isn't written that way and the jury instruction isn't written that way. Well, let's just say arguably to just argue that we think it's a divisible statute. Correct. And don't don't the charging documents in this case clearly meet the requirements of DECOP? And so that this under the modified categorical analysis, you would find that this statute was covered here. If you're. Charging information in this case on which the guilty plea was taken does say murder of a human being. However, what we don't have or what I don't recall seeing as part of the record of conviction is what a jury instruction said or what the findings were at the end of the day. They wouldn't necessarily they wouldn't have to amend necessarily that pleading for him to, you know, say, yes, I'm guilty of 187. You know, when you plead to a sheet, you're not necessarily admitting, you know, that goes way back 10 years. You know, are you admitting crime as it appears on the books or as it appears in the. Can you say with respect to the Shepard documents? I know the the charge is the killing of a human being. Correct. But was I'm not sure we have other Shepard documents, for example. Was there an allocution and didn't your client admit who he killed? Those were not submitted by the government. As far as I know, who bears the burden of proof I have in their submission, looking back at a physical file, which I tear apart from time to time. I have an abstract. I have a charging document and I have a docket printout. So nothing, nothing in this set of exhibits that I'm looking at involving necessarily an allocution or an admission. If I'm mistaken about that, I'm certain that my colleague is going to. And I don't know that you are, because it comes up from an immigration court. I'm trying to look at the record is we don't necessarily get everything right that they had. But but you never you. I mean, obviously, you don't contest that your client didn't kill a fetus. Well, your honor, I'm not going to make any admission on behalf of my client. The the the charging, you know, suffices to say it's there seems to be evidence that he didn't. But what there's evidence of and what he admitted in open court or what he said, yes, there is beyond a reasonable doubt I'm going to be convicted of this thing. Or what a judge found. There is beyond a reasonable doubt you can be convicted of this thing, which, again, goes back to the judge doesn't really have to make the determination to find there's a factual basis for that plea of whether it's a human being or a fetus that doesn't really come up in a plea allocution. You know, the point is, if they're an allocution, the judge would say, all right, tell me, do you admit that you killed Mylon Smith? And I hope that would be enough to demonstrate that it wasn't a fetus. I think the whole point of I think the whole point of, you know, the Moncrief and the divisible and, you know, the whole point of this is to have certainty. If the question is, if does a judge have to, would a judge must a judge? The answer is no. A judge need not. I mean, a judge can just say, I mean, we all know people versus less than a judge can just say, I find there's a factual basis. It could be on any read of anything. It could even be not a real, you know, factual basis. With respect, with respect, do you not agree that after they come, what we do, if, if, if arguendo, this is not a statute where the categorical analysis fits. Lately, if we find that the statute is divisible, then we look at the charging documents. In this case, the charging document said he would charge with killing and quotes a human being in quotes. Yes, he was convicted of that doesn't say a fetus as a human being. It does that not meet the requirements. They come with respect to a modified categorical analysis. Back in the day, we used to accept the fact just that what a person pleads guilty to or the reason some person might plead guilty or what he's accepting is factual basis for his guilty plea. Was not necessarily what's in the indictment. And there was even a line of cases that came out that said, Hey, you got to have those magic words as charged in. But in this case, though, you're not arguing, are you, that the, that the, that the indictment and the ultimate conviction plea and so on are different. Are you I'm, I'm arguing that it's not my burden. I'm arguing that the government said, here's what the charging documents say. Here's what he was convicted of. It's a divisible statute. End of story. Isn't that correct? To the extent that I followed the court, I'm not sure that I followed the court. We don't have to litigate what happened here. What we're talking about is, is this a divisible statute? If it's not a categorical analysis, can we determine whether it's divisible? If it's divisible, I think it is. Then we look at the charging documents and we see what your client was convicted of or pled. And it's a match. End of story. Right. As far as the Taylor analysis is concerned. Right. Do you agree with that? I, I'm, I'm with you so far. Okay. Okay. Now, can I, can I ask then, why are, because I, I agree wholeheartedly with Judge Smith. It boils down in as far as I can see to whether or not this statute is divisible. If are you, you're making the argument that it isn't divisible, right? That is correct. Your honor. Why? Because, because the law does not necessitate in order to get a conviction here. The law does not necessitate a finding that it was one or the other. All right. Let me ask you about, see the charging document. I finally found it. Yeah. It's the information. It's at page 540 of the administrative record. Right. Charges that, that your client engaged in the murder of Jesse Kennedy, a human being. Right. So I don't think we can read that. If it is divisible, that surely establishes that he wasn't convicted of the murder of a fetus. Does it not? Your honor, you're never going to get me to agree to that because... I'm never going to get you to agree to anything. I know. Isn't it at least a strong indication that it wasn't a fetus? Yeah, but a strong indication isn't what the burden is. And it isn't me. I'm sorry, your honor. No, I wasn't. It was Judge Smith. I'm protecting Judge Smith. No, he's protecting me. Strong indication isn't the burden. It is the... Listen, your honors, I had intended to reserve two minutes for rebuttal. Okay, you can do that. Why don't you reserve the rest of your time. Let's hear from the government and we'll come back to you in a minute, okay? Thank you much, your honor. I appreciate that. Okay, let's now hear from the government. That's Mr. Joseph, I believe. Good morning, your honor. Bernard Joseph on behalf of the respondents and United States Attorney General. In this case, the respondent's position is that petitioner's conviction of second-degree murder in violation of California Penal Code 187, renders him removable as a non-citizen convicted of an aggravated felony for two reasons. First, the respondent's position is that 187A is a categorical match to the generic definition of murder. In the alternative, if it's not a generic match, the statute is visible. And therefore, in the modified categorical approach, the record of conviction here clearly shows and convincingly shows that the petitioner was convicted for the murder of a human being and not a person. I don't understand your first argument, so I want you... I'm not sure it matters because I think the case turns on the second one. But your first argument is that the murder of a fetus is part of the generic federal definition of murder? Well, in the INA, they define that one of the aggravated felonies is murder. And it's in 1001A43A. It's about murder, rape, and sexual abuse of a minor. And those terms, they don't refer to any other statute in the INA. Often they do refer to other statutes to give it a definition. So what the board here did was it said, I'm going to look to other parts of the United States Code and determine how to define murder here. And so one of the things it looked at was 18 U.S.C. 1111, which defines murder. But it also chose to look at 18 U.S.C. 1841A2C, which talks about the unborn children. And it said, looking at those two together, when you look at it, the violation of 1842A2C is punished, the same as the punishment for Section 1111, which is the murder statute. I've got two problems with that argument. So if you want to spend time on it, I'm not sure why you need to. But if you want to spend time on it, I'm interested in your responses. First, doesn't 1841 create a separate offense? It says so. The Eighth Circuit said so. If it creates a separate offense, then how is it part of generic murder? Well, Your Honor, the respondent's position is that in trying to define a term that doesn't, that INA doesn't provide this definition for, the board can look at other federal offenses, other federal statutes to come up with it because the INA and removal are a function of federal law. Sure, it can. And that leads to my second question. The Supreme Court said in Perrin that we look to the meaning of the term at the time that the statute was adopted. Wasn't the federal statute 1841 adopted after the INA?  So, you know, I'm not sure why you think it's necessary to argue the pure categorical approach. But if you were relying only on it, I would have a problem with it. Well, Your Honor, after hearing the question from the petitioner's presentation, I'm responding to it because you've asked questions. We're asking questions about the modern categorical approach. So let's assume that, you know, that this statute isn't a pure categorical match, that the only way you can win is if we apply the modified approach. Tell us why we should apply the modified approach. Because California Penal Code 187A is divisible to the murder of a human being and the murder of a fetus, which are separate disjunctive crimes with different elements. If you look at California law under 187A prior to 1970, the killing of a fetus was not part of that statute. And actually they changed it and added the language fetus as an additional element. And the legislature did not define fetus to be the equivalent of a human being. Also, if you look at the jury instruction, when they're talking about murder under 187A, they list in order to prove each of the following elements must be proved. One, a human being was killed. One, a human fetus was killed. Two, the killing was unlawful. And then three, that the killing was done with malice of forethought. And if you look to the notes of the jury instruction, it says that if you're talking about a fetus, or if a fetus is not involved, you delete element 1A, which is a human fetus was killed. And you also delete instruction three about the killing being done with malice of forethought because under the killing of a fetus, manslaughter is not a lesser included offense. So the statute is divisible between the killing of a human being and the killing of a fetus. And if you look at the documents that the court is allowed to look at, to determine whether or not the government has clearly and convincingly showed that under the modified categorical approach, it's an aggravated felony, at administrative record page 540, the information says that on or about October 1, and I'm just paraphrasing, Jose Carmen Gomez, the petitioner, in violation of Section 187 of the Penal Code, did willfully, unlawfully, and with malice of forethought, murder Jesse Kennedy, a human being. And then when you go to the abstract of judgment, which is at administrative record 538, you can see there that the judgment is Count 1A, which is the kind I just read, and the information is murder in the second degree. So if you look at those documents, it's clear and convincing that he was charged with the murder of a human being and not charged with the murder of a fetus. And therefore, it's an aggravated felony and he is removable. Are those the, you're breaking up a little bit, but are those the only Shepard documents we have? The abstract of judgment and the information? Your Honor, I, the respondent's position, and looking at the record, and I've been looking at it again since it came up in the respondent's or the petitioner's presentation, those are the only documents. I'm not asking what burden it is or legal, any legal question. I'm asking a factual question. Are those the only Shepard documents in the record? Those are the only documents that the respondent is aware of in the record. Okay, thank you. Does the government agree that we should not focus primarily on the categorical analysis in light of the rather contentious position of both parties on that? The government, the respondent's position today is that there is no need to focus extensively on whether or not this is a categorical match, the generic definition, because the divisible statute and the documents in the record under the modified categorical approach clearly and convincingly show that he was convicted of murdering a human being and not a fetus. And because the statute is divisible, it qualifies as an aggravated felony. Thank you. Because he's removable as being convicted of an aggravated felony of murder, the court should also deny his claim for cash deferral because the record does not compel the conclusion that it was more likely than not that the petitioner would be tortured upon his return to Mexico by or with the acquiescence of the Mexican government. Cash deferral claims are reviewed by this court under the substantial evidence standard, and the burden of proof is on the petitioner in this case to demonstrate eligibility for cash deferral. The cash eligibility analysis requires a two-pronged approach. First, determine whether it's more likely than not that the petitioner will be tortured upon return to his home country, and second, if there's sufficient state action involved in that torture. Petitioner has submitted no evidence or testimony showing that he was personally threatened or that he personally suffered any harm, much less any harm that would rise to the level of torture while he was in Mexico. Therefore, he has not demonstrated any past torture, which for this court is the principal factor in determining whether future torture is likely. Second, the petitioner testified that his criminal organization has not said anything about him even for more than 20 years, and he also testified that they didn't look for him even at the time that he left. And his contention that criminal organizations never forget, and therefore they would look for him when he came back, is just speculation. Speculation isn't sufficient under this court's precedent to overturn a cash deferral claim. If there are no further questions, respondent's petition for review should be denied because he is removable as an aggravated felon, charged under the modified categorical approach, and he failed to demonstrate that the record compels a conclusion contrary to the agency's denial of his claim for capital punishment. Any other questions by my colleague? I have one quick one. It's just a factual one. I'm looking at the record and I'm trying to find it, and you can probably help me. Did the Board of Immigration Appeals apply the modified categorical approach? Yes, the Board did apply the modified categorical approach as well as the categorical approach. If you look at the administrative record, starting with page AR4, and then actually starting at AR5. Okay, I found it. Thank you. Any other questions? Okay, thank you, Mr. Joseph. Mr. Burke, you have a little time. Thank you. Not much that I didn't put in my original opening. You don't have to say anything else. You know, I came up with the detail that on the abstract that was used to say that there was, you know, because the indictment alone, which by the way, it almost appears that that's all the, not the indictment, but the information, which it almost appears is the only document the Board considered in its last decision, you know, has to be read in conjunction with an abstract. I'm not denying the abstract was put in. The abstract refers to count 1A, minor detail. I don't know what the A necessarily refers to. Again, we're guessing we're under a clear and convincing evidence standard with the government's burden. With that, unless there is a specific question, I would be prepared to submit. Very well. Any other questions by my colleague? I think not. Thank you, Mr. Burke. Thank you, Mr. Burke. Mr. Joseph, the case just argued is submitted and the court stands in recess for the day. Thank you very much, Your Honor. Thank you.
judges: M. Smith, Jr., Hurwitz, Ezra